# IN THE UNITED STATES DISTRICT COURT OF MARYLAND
### 6500 CHERRYWOOD LANE, GREENBELT, MD 20770

---

| | |
|---|---|
| **MICHAEL S. SITNEY** <br> "THE ORIGINAL SPICEMAN" <br><br> Plaintiff. <br><br> V. <br><br> **SPOTIFY USA INC.** <br><br> Defendant | CASE No. PX 18CV1469 <br><br> **COMPLAINT** <br> **FOR** <br> **COPYRIGHT** <br> **INFRINGEMENT** <br><br> JURY TRIAL DEMANDED |

Plaintiff MICHAEL S. SITNEY or ("Plaintiff" "The Original Spiceman") is a Song Writer; Lyrics and Melodies Composer and Arranger; and Sound Recording and Performing Artist since 1974, hereby complains and alleges, and file this Complaint against Defendant Spotify USA Inc. ("Defendant" or "Spotify") for Copyright Infringement as follows.

## NATURE OF THIS ACTION

**1-** Plaintiff The Original Spiceman brings this Civil Action against SPOTIFY for Knowingly; Wrongfully; Wilfully; and Intentionally INFRINGING the COPYRIGHT in the MUSICAL, LYRICAL MELODY composition heretofore listed and mark as **EXHIBIT-A**, COLLECTIVELY the Matter, each a **"Work"** and **Collectively the "Work"**.

(a)- Spotify Document Number: 109278-1497 - Catalog #

1

UPC -   3614975931589- EXHIBIT-A ,

(b)- Spotify Document # 448362-2930 - Catalog #
UPC - 611704001400 - EXHIBIT - A.

(c)- Spotify Document #122194 - 1571- Catalog #
UPC -  859721302722 -EXHIBIT - A

Collectively the " WORK"  a COPY of each which is attached hereto as EXHIBIT -A.

2 - Michael S. Sitney is an non-commercial Independent song and music publisher and bears in the name "The Original Spiceman" who has exclusive Copyright Rights, for  all SONGS & MUSIC of which have been Copyright registered or Published, and are pending registration with the United States of America Copyright Office;

3- The Original Spiceman did not Constitute any Cause of Action to Collaborate with Spotify USA Inc. or Spotify with any Translation, Adaptations, Arrangements of Music and other Alterations or Reproductions, Distributions and Sales of , the "Work" Exhibit - A;

4- The Original Spiceman did not Constitute any Cause of Action to introduce, discuss or Share his collection of songs or music, the " Work" Exhibit -A to  Spotify;

5- The Author "The Original Spiceman" is the exclusive license owner of the original songs of the "Work" Exhibit - A,  and have the exclusive Rights of Authorising the Reproduction of the "Work" Exhibit - A  in any manner or form;

6- Spotify actions to Constitute Reproduction, Adaptation, Arrangement of Music Publication, Distributions, Sales of the "Work" Exhibit -A, does CONFLICT with a normal exploitation of the "Work" Exhibit -A and did infact

unreasonably PREJUDICE the legitimate interest of the Author "The Original Spiceman";

7- Spotify is the world's #1 Internet media music streaming that offers limited downloading service, as Spotify has publicly advertided on Spotify Web Page: *https://www.spotify.com/us* ., and as recent lawsuits and settlements confirm.

8- Spotify repeately failed to obtain the necessary Satutory, or "Mechanical", licenses in accordance to USA Coptright Laws, The USA Federal Law, and the World Intellectual Property Organisation General Copyright Laws to reproduce and /or distribute musical compositions on its service.

9- The Original Spiceman have not been able to Fairly and Rightfully share in Spotify's seccuess. Nonethess, uncostitutionally, Spotify have become a multibillion dollar company from Spotify many cases of uses of Songwriters and Publishers music without a license work, such as Plaintiff "The Original Spiceman" music, and without compensation.

10- On June 13, 2017 in written letter I contact Spotify USA Inc. Stefan Blom, Chief Strategy Officer / Chief Content Office @ location 45 West 18th Street, New York, NY 10011 USA.

   (a)- Plaintiff expressed concerns about the "Work" document # 109278 - 1497 Catalog # UPC - 3614975931589 the "Work" Exhibit - A Plaintiff first received,

   (b)- At which time Plaintiff had demanded Defendant to pay Plaintiff Royalties for the uses of the "Work". In addition, Plaintiff provide Plaintiff's music Royalty Company, Broadcast Music Inc. "BMI" Account Number: 000942961 to Spotify.

   (c) Consequently, The Original Spiceman has not got relief or compensated by Spotify USA Inc. or Spotify "Defendant" to date of this file

Civil Action.

**11-** On June 20, 2017 Spotify reply in writing, and **(i)** - Spotify letter stated once a song first recorded and released anyone can then make a cover version as long as they notify the copyright owner and account royalties to them properly; **(ii)** - Consequently, Plaintiff have not received any Royalities payments, neigther direct or indirectly for the "Work" Exhibit - A, from Spotify USA Inc. or Spotify" ; **(iii)** in addition to this matter, **Defendant** continued infringement uses of (2) two more Plaintiff songs and music as shown in Herein Nature of Action number (1) one.

**12-** July 18, 2017 in written letter Plaintiff notify " BMI " about the "Work" Exhibit-A used by Spotify. BMI respond by voice mail stating that BMI does not handle the Herein type "Work" matters.

## PARTIES

**13-** Mchael S. Sitney "The Original Spiceman"Plaintiff" is a Independent Song Writer, Lyrics and Melodies Arrangers, Sound Recorder, Music non-commecial Publisher, and Recording Artist with principal address at 2503 University Blvd. East Adelphi, Maryland 20783.

**14-** The Original Spiceman "Plaintiff" is the exclusive owner of the Copyright registration for each of the "Work" identifiedin in Exhibit - A. and which each Work compositions identified in Exhibit -A have either been registered by Plaintiff with the United States of America Copyright Office Library of Congress @ location 101 Independence Avenue SE, Washington, DC 20559-6000, or an application for Copyright Registeration has been filed with the United States of Amenrica Copyright Office by the Plaintiff.

**15-** Plaintiff is the USA Copyright Registration owner of the Work - in Suit, and processes all rights thereto, including the exclusive right to exclude

the Defendant or Spotify USA Inc. or Spotify from Making, Using, Selling, Offering to Sell, Copy, Reproductions, Modification, Distributions or Importing in this district and elsewhere into the United States of America.

**16-** The Original Spiceman has the exclusive rights to Sign Agreements, Collect Royalties, receive Monies, Register Copyrights, and otherwise Interact and Assert Rights on behalf of The Original Spiceman or each, or all songs bears Copyright Registeration by The Original Spiceman with or against Publishing Companies, Performing and / or Mechanical Rights Societies, and Musical Service Companies such as Spotify.

**17-** Within all Rights and Laws by the USA Copyright Office, imposed, Binded, or Tied to the Published or Copyright Registeration(s) WORKS of Michael S. Sitney "The Original Spiceman " Plaintiff", hereby has standing to SUE the Defendant and bring this Action for COPYRIGHT INFRINGEMENT and recover past and present damages, because Plaintiff is the exclusive licensee of the "WORKS".

**18-** Upon information and belief, Defendant Spotify USA Inc. is a corporation duly organized and existing under the Laws of the State of Delaware, having its Principal place of busiNess at 45 W. 18 Street, 7th Floor. New York, New York 10011.

**19-** Upon information and belief, Spotify also maintain streaming media service business with residents, businesses, universities, radio stations in the State of Maryland and District of Maryland State.

**20-** Defendant Spotify USA Inc. or Spotify, <u>assignee Service of Process Resident Agent in Maryland State, is the National Registered Agent, Inc. of Maryland @ location 2405 York Road, Suite 201, Baltimore County, Lutherville, Timonium, Maryland 21903-2264</u>. Defendant Spotify may be served through its Maryland Resident Agent.

## JURISDICTION

**21-** This Court has subject matter jurisdiction of this Action under the Laws of the United States, 28 U.S.C. 1331 and 1338 for Copyright Infringement, because the claims HEREIN arises under Federal Copyright Law (Title 17 U.S.C. 101, et, seq.) (the "Copyright Act").

**22-** Defendant Spotify is subject to this Court's personal jurisdiction because Spotify has continuous and systematic contacts within the District Boundaries of Maryland which include, without limitation:

(a)- Defendant Spotify has sought protection and benefit from the Laws of the State of Maryland;

(b)-Defendant Spotify is qualifes to do business in the State of Maryland and District of Maryland cause Spotify is registered as a foreign corporation with the Maryland Secretary of State.

(c)- Defendant Spotify has <u>a designated Agent for Service of Process in Maryland by the name: National Registered Agents, Inc. of Maryland@ address 2405 York Road, Suite 201, Baltimore County, Lutherville, Timonium, MD 21903-2264;</u>

(d)- Defendant Spotify regularly conducts business within the State of Maryland and within the District of Maryland, as evidenced by its (i) - subscribers and users in Maryland, which Defendant Spotify actively reaches out to through, at a minimum, its Website (WWW.SPOTIFY.COM   ); (ii) - contracts and other transactions that Soptify has entered in Maryland;  (iii) - revenue generated from Maryland residents and businesses in connection with its service; and (iv) - advertisements that target Maryland residents, including other US States;

(e)- More specifically, Defendant Spotify, directly and / or

6

through its intemediaries, ships, distributes, offer, sells, and / or advertises in the United States, the State of Maryland, and the District of Maryland.

(f)- Defendant Spotify has purposefully availed itself of Maryland Law and the District of Maryland Law, and could and did reasonably anticipate being brought into this Court becacue, among other reasons; Spotify (i) - has knowingly, Intentionally, and repeately reproduced and / or distributed the "Works" by means of Internet Website to Maryland residents via its services; and (ii) - knew or should have known that the harm caused by its repeated unlicened reproduction and distribution of the Works over the Internet was aims at songwriters and music publishers, inclusing Plaintiff Michael S. Sitney "The Original Spiceman" who control compositions of the " Work" and resides in the State of Maryland or District of Maryland a global hub of the music industry for (20%) to (30%) of Maryland residents; and (iii) - knew or should have known that Plaintiff Michael S. Sitney "The Original Spiceman" , principal place of residence is in Adelphi, Maryland District;

(g) - Upon information and belief, Defendant Spotify has committed COPYRIGHT INFRINFEMENT in the State of Maryland and in the District of Maryland;   (i) - Defendant solicit costomers in the State of Maryland and the District of Maryland; (ii) -Defendant has many paying customers who are residents of the State of Maryland and the District of Maryland.

## VENUE

23- Vanue is proper in the State of Maryland and the District of Maryland  pursuant to Federal Coryright Law 28 U.S.C, 1391(b) and 1400(a) because Defendant Spotify is subject to personal jurisdiction in this District, and because the total action of the acts of infringment complained of herein, (i) - may occurs or has occurred to a resident of Maryland in the

State of Maryland and District of Maryland; (ii) - this case is properly file in the State of Maryland and District of Maryland, as a substantial part of event rise to this occured in State of Maryland.

## FACTS

24 - The Original Spiceman "Plaintiff" is an indepndent song writer, composer, music, lyrics, melodies arranger, recordingand performing artist, and publisher of songs " work" since 1974. Plaintiff has Copyright or Published more than 100 songs, of which some the songs has play on radio media airwaves or Internet media streams in Great Bratain, Germany, United States of America, Canada, Caribbean and more plsces.

25 - Plaintiff is the exclusive licensee of all of the musical compositions, the "Work".

26 - Under the Copyright Act, there are two separate Copyrights in every recorded song: one in the recording ( i.e) Sound Recording "SR" or" Master" recording; and one in the musical composition (.ie.)the Words and Musical notation "PA"). 17 U.S.C. 102(2), (7).

26 - The works exclusively licensed to Michael S. Sitney " The Original Spiceman" but Sportify have used, streamed, and/or downlosded the "Work" repeatly of times through Spotify's service;

27- To legally reproduce and / or distribute the songs on its Service, Defendant Spotify must obtain both a license for SOUND RECORDING and the MUSICAL COMPOSITION.

(a)- In Spotify' 2014 comments before the United States Copyright Office it acknowledged in that these license are required:" To

operate the Spotify Service, Spotify needs to secure multiple rights from multiple Copyright owners.

(b)- These rights include, among others, the right to reproduce sound recordings and the musical works embodied therein, the right to distribute sound recording and the musical works embodied therein ... "Comments of Spotify USA Inc., to USCO (May 23, 2014)", at https://www.copyright.gov/policy/musiclicensingstudy/comments/Docket2014_3/Spotify_USA_Inc_MLS_2014.pdf (last accessed Dec.27, 2017).

28 - Spotify launched in the United States on or about July 14, 2011, and since that time has grown to over 142 million active users, 70 million subscribers, obtained over $1 million in private equity users, and achivesd a valuation in excess of $8 billion.

28 - Prior to launch, Spotify struck deals with major records labels to obtain the sound recording copyrights in the songs by offering the major labels, in many cases, equity stakes in Spotify. Nonetheless, Spotify failed to properly obtain the equivalent rights for the compositions. As a result, Defendant Spotify has built a billion dollar business on the labor of songwriters and publishers such as Plaintiff, whoes music Spotify is using, in many cases without obtaining and paying for the necessary licenses.

29- The sound recording license generates revenue for the Ownerof the sound recording, which is typically an Artist's record label. " in this case is Plaintiff ". The license to reproudce and distribute the musical composition (the "mechanical license") generates revenue for the composition Owner(s), which are typically Songwriters and their publishers.

30 - To obtain the necessary mechanical license, Defendant Spotify could have enter directly negotiated with Michael S. Sitney "The

Orifinal Spiceman or sought compulsory licenses Under 17 U.S.C. 115.

31- In order to obtain a compulsory license, a licensee, such as Spotify, is required to send a notice of intent to use a mechanical composition ("NOI") to a Copyright Owner "before or witnin thirty days after making, and before distributing any ptonorecords of the Work". 17U.S.C. 115(b)(1).

32- If the name and address of the Copyright Owner is not known, the licensee is required to file the NOI in the Copyright Office. The failure to timely file or serve an NOI "forecloses the possibility of a compulsory license and, in the absence of a negotiated license, renders the making and distribution of phonorecords actionable as an acts of infringement. "17 U.S.C. 115(b)(2)

32- Either a direct license fromMichael S. Sitney " The Original Spiceman" or a compulsory license would have permitted Sportify to reproduce and/or distribute the Works as part of the Service, including by means of digital phonorecords deliveries ("DPDs"), interactive straming, and limited downloads. But Spotify failed to obtain either license type.

33- In addition, upon infomation and belief, Spotify outsourced its responsibility to a third party, the Harry Fox Agency ("HFA"). HFA is a provider of licensing and royalty services, and it was ill-equipped to obtain all the necessary mechanical licenses. Upon information and belief, Spotify knew that HFA did not posses the infrastructure to obtain the required mechanical licenses and Spotify knew it lacked these licenses.

33- Accordingly, Spotify made, and continues to make, musical compositions live for streaming and/or limited downloading,

including the Work, without identifying composition rights holders and without obtaining the required mechaical license. As the exclusive licensee of the Work, Plaintiff Michael S. Sltney "The Original Spiceman" is entitled to full statutory relief pursuant to the United States Copyright Act.

34- Other publishers, songwriters, and associates have brought claims against Spotify for its massive, systemic, copyright infringement. On June 27, 2017, United States District Judge Alison J. Nathan, preliminarily approved the Proposed Settlement in the case Ferrik et al. v. Spotify USA Inc. et al., No. 1:16-cv-8412 (AJN) (S.D.N.Y.) (Dkt. 177 (AJN Order) for approximately $43 million. The intent of the Proposed Settlement is to compensate rights holders for Spotify's infringing actions from December 28, 2012 through June 29, 2017. Unfortinately, the Ferrick settlement is still grossly insufficient to compensate songwriters and publishers for Spotify's actions as well as proceedurally unjust.

35- Defendant Spotify has approximately 35 millions songs in its catalouge. According to a report, Spotify failed to pay songwriters royalties to a publishing company approximately 21% of the time. See Ethan Smith, Songwrites Lose Out on Royalties, THE WALL STREET JOURNAL, Oct. 14, 2015. If that figure is used as an estimate for percentage of Spotify's unlicensed works, then Spotify infringed approximately 6, 300. 000 compositions (i.e 21% of 30 million songs), including the Works.

36 - (a) Upon information and belief, earlier this year Sotify, ahead of their Rumored May 2018 IPO launch, Spotify the company took out a 17 - year, $566 million World Trade Center lease, with almost $31 million in upfront payment required.

(b) Spotify Executives earned $ 1. 34 million. (i) Spotify Chief Product Officer: Gustav Soderstrom 2017 Tax $7.9 million; (ii) Spotify Co-Founder and former Chairman of the Board Martin Lorenzton tax 2017 $5.2 million reveiced; (iii) Spotify Chief Premium Business Officer: Alex Nostrom reported on 2017 Tax $5 million; (iv) Spotify CEO Daniel EK received $4.5 million; (v) Spotify Vice President of Consumer Engagement: 2017 Tax reported $4 million; (vi) Spotify Global HR Manager: Katarina Berg 2017 Tax $789. 260;Spotify : Jens Svolgaard 2017 received $3.6 million; (vii) Spotify Tax Director 2017 receice $424.080 ... "source: Digital Music News 2017".

37- The copyright Law of the United States provides for copyright protection in "musical works, including any accpompaning words," that are fixed in some tangible medium of expression. 17 U.S.C. 102(a)(2). Musical works include both original compositions and original arrangements or other new versions of earlier compositions to which new copyrightable authorship has been added.

(a)- The owner of copyright in a work has the exclusive right to make copies, to prepare derivative works, to sell or distribute copies, and to perform the work publicy. Anyone else wishing to use the work in these ways must have the permission of the author or someone who has derived right through the author.

(b)- Defendant Spotify USA Inc. or Spotify was (1) not a contributor of the performer(s) whose performance is captured in the Work Sound recording: and (2) was not a contributor of the Authorship or persons responsible for capturing and processing the sounds to make the final recording.

39- Spotify brazenly disregards United States Copyright Law and has

committed Willful, Ongoing Copyright Infringement. Plaintiff Michael S. Sitney " The Original Spiceman" notified Spotify that it had use the" Work" without it pay any royalties to Plaintiff for the Work, and neither obtained direct or compulsory mechanical license for the use of the Work. For these reasons and the foregoing , Plaintiff is entitled to the maximum statutory relief.

WHEREFORE, Defendant Michael. Sitney "The Original Spiceman" seeks relief as set forth below.

## FIRST CLAIM FOR RELIEF

Direct Copyright Infringement in Violation of 17 U.S.C. 106, 501

40- Plaintiff Michael S. Sitney "The Original Spiceman re-alleges and incorporates by reference all the proceeding paragraphs, as if fully set forth herein.

41- Under Section 106 of the Copyright Act, 17 U.S.C. 106, Michael S. Sitney "The Original Spiceman" has the exclusive rights, among others, to reproduce and distribute the Works as well as the right to authorize others to exercise any of these rights.

42- Plaintiff Michael Sitney "The Otigeral Spiceman" is the exclusive owner and licensee of the copyrights in the works.

43- Sportify USA Inc. or Spotify has infact infringed many of the of the exclusive rights set forth in 17 U.S.C. 106. In addtion to other things, Spotify has made unauthorized reproductions and engaged in unauthorized distribution of the copyrighted musical compositions of Plaintiff Michael S. Sitney "The Original Spiceman" songs, to including the Works listed in Exhibit A. Such conduct constitutes infringement of these copyrights pursuant to, of 17 U.S.C. 106, et seq. and 501.

**44-** Each of the Works is an original work fixed in a tangible medium of expression, and constitutes separate, distinct copyrightable subject matter within the meaning of Section 102 of the Copright Act. Among other things, each stream of the Works reproduced by Spotify and/or distributed to end-users ConsituteS a separate and distinct Act of Infringement, for which Defendant Spotify is a direct infringer.

**45-** Defendant Spotify's conducts, has at all times been Willful, Intentional, Purposeful, in DISREGARD of and INDIFFERENT to the rights of Plaintiff Michael S. Sitney "The Original Spiceman" and those songs of the sound recording Plaintiff's represents, including the Works.

**46-** Aa direct and proximate result of Spotif's willful and infringing conduct, plaintiff is entitled to actual damages, including the substantial profits of Spotify's, as will be proven at trial, pursuant to 17 U.S.C. 504(b),

**47-** In the alternative, pursuant to 17 U.S.C. 504(c), Plaintiff Michael S. Sitney"The Original Spiceman" is entitled to receive the maximum amount of statutory damages for Willful Copyright Infringement, $150, 000 per composition, for each of the (3)three musical compositions identified Works in Exhibit A hereto, for a total ASATUTORY AWARD for at least $450,000.

**48-** Plaintiff is further entitled to recover its Court costs to include any Attorney's fees pursuant to 17 U.S.C. 505.

**49-** Defendant's Spotify aforesaid activities have been without authority and/or License from Plaintiff.

**50-** Defendant Spotify USA Inc. "Spotify" acts, including its failure to develop and implement procedures to properly license songs, have caused and will continued to cause irreparable harm and injury to Michael Sitney "The Original Spiceman, song writer, music, lyrics composer, arranger and publisher, it represents. Defendant is therefore entitled to an injunction

pursuant to 17 U.S.C. 502 to prevent and restrain Spotify's ongiong copyright infringement, including ordering Spotify to develop and implement procedures to comply with the requirements of Section 115 of the Copyright Act.

**51-** Defendant Spotify's infringement of Plaintiff's rights under 17 U.S.C. 106, 501 will continue to damage Plaintiff, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael S. Sitney "The Original Spiceman" prays for relief are as follows:

(a)- An award of damages pursuant to 17 U.S.C. 504(b), including actural damages, inclusive of the injury to the market value of their copyright in the Works, and the profits of Spotify as will be proven at trial, or in the alternative, the maximum amount of statutory damages pursuant to 17 U.S.C. 504(c), namely $150,000 for each Work infringrd, for an award of at least $450,000.

(b)- Including Defendant Spotify accounting of all infringing sales, all but not limited to, those sales not presented at trial.

(c)- Injunctive and/or declaratory relief as is necessary to protect interests of Michael Sitney "The Original Spiceman" pursuant to 17 U.S.C. 502, including requiring Defendant "Spotify" to (i) develop and implement procedures to identifying and properly licensing songs and (ii) pay for the services of a third party auditor to identify the owner of songs reproduced and/or distributed by Spotify despite Spotif's failure to fitst obtain a mechanical license prior to reproducing and/or distributing the Works.

(d)- Any or all Attorney's fees and costs pusuant to 17 U.S.C. 505

and under other applicable Laws;

(e)- Pre-and post-judgement interest to the extent allowable; and

(f)- Such other and further relief that the Court may deem just and proper.

Dated: 25th day May, 2018   MICHAEL S. SITNEY "The Original Spiceman"

_____

Respectively Submitted by
Michael S. Sitney
2505 University Blvd. East
Adelphi, Maryland 20783
Phone 301-422-4851
SELF REPRESENTED

## DEMAND FOR JURY TRIAL

52- Plaintiff demands a trial by jury on all relief

Pursuant to Rule 38(e) of the Federal Rules of Civil Procedure, plaintiff Michael S. Sitney "The Original Spiceman, demands trial by jury of this Action.

Date: 25th day May, 2018       MICHAEL S. SITNEY "The Original Spiceman"

_____

Respectfully Submitted by