# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL S. SITNEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-01469-PX |
| SPOTIFY USA, INC., | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Pending in this copyright infringement action is Defendant Spotify USA, Inc's ("Spotify") motion for summary judgment (ECF No. 43). The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants summary judgment in Spotify's favor.

**I.    Background**

The following facts are undisputed. Spotify is an online music streaming service that makes available to its customers a vast array of musical works that enjoy copyright protection for both the music composition and the particular sound recording.[1] To prevent infringement of the sound recording, Spotify obtains licenses from the record labels that produce the music content. ECF No. 43-14 ¶ 7. To prevent infringement of the music composition, Spotify obtains what is known as a "compulsory license" from the composer by using the procedures set out in Section 115 of the Copyright Act. *Id.* ¶ 10. A "compulsory license" allows a service such as Spotify to use a copyright owner's song, conditioned on notification and compensation to the copyright

---

[1] *Compare Staggs v. West*, 2009 WL 2579665, at *2 (D. Md., Aug. 17, 2009) (outlining the two possible copyrights associated with a recording of a song) *with* 43-14 ¶¶ 6–11 (outlining Spotify's process for obtaining licenses for both copyrights).

owner. *See* 17 U.S.C.A. § 115 (West) (effective December 9, 2010 to October 10, 2018);[2] *id.* § 115(b)(1) ("before or within thirty days after making, and before distributing any [songs], serve notice of intention to do so on the copyright owner"); Copyright Law in Business and Practice § 6:41, Westlaw (rev. ed.).

In 2017 and 2018, Spotify sent by mail to Plaintiff Michael Sitney, a.k.a. "The Original Spiceman," five Notices of Intent related to following songs, entitled: "Celebration,"[3] "Bad Girl," "Take a Wine," and "Dangerous." ECF Nos. 1 ¶ 2; 1-1; 1-2; 1-3; 27-1; 27-2. The Notices each cite Sitney as the copyright owner, and state that the expected date of distribution would occur on June 3, 2017, July 27, 2018, June 30, 2017, May 1, 2018, and August 31, 2018, respectively. *Id.* The Notices, however, also list the following recording artists for each specific song title: Michael Schumacher for "Celebration;" Selecta Aff for "Bad Girl;" Zeek for "Take a Wine;" and Taste for "Dangerous." *Id.* Sitney received two of these Notices of Intent from Spotify after the filing of this suit and asks that the Court consider these Notices here. ECF No. 27. Because the Notices of Intent are all subject to the same legal analysis, the Court grants Sitney's request.

To be sure, Sitney is the owner of copyrights for certain songs that bear *similar* titles to those described above. *See* ECF Nos. 43-3; 43-4; 43-5; 43-6. However, it is undisputed that Sitney simply does not own the copyright to the songs reflected on the Notices of Intent. Rather, Spotify mailed to Sitney Notices that correctly listed the song titles and artists, but erroneously listed Sitney as the copyright owner—a mistake resulting from an error-prone search process that

---

[2] Congress enacted the Music Modernization Act in October 2018, creating a blanket licensing procedure that allows compulsory licensees like Spotify to obtain a single blanket license to all compositions without having to identify the owners on a composition-by-composition basis. ECF No. 43 at 5 n.2; *see* 17 U.S.C. § 115(d) (West); S. Rep. No. 115-339, at 4 (2018). However, at the time of the alleged infringement, Spotify adhered to the Copyright Act as it stood and sought composition copyrights on a composition-by-composition basis. For the purposes of this opinion, the Court reads the Copyright Act as it was prior to October 2018.

[3] Two Notices of Intent were sent for the same song, "Celebration," at two separate times. ECF Nos. 1-1; 27-1.

Spotify employs to identify the correct owner of the copyright. ECF No. 43-14 ¶ 10–12.

In this industry, it is not always easy to identify the copyright owner for the composition, as opposed to the recording. To find the correct copyright owners for the composition, Spotify first obtains from the record labels the digital recording files and its associated "metadata," which includes information such as the song title and name of the artist who performed the song. *Id.* ¶¶ 8, 10. Then, Spotify uses the metadata to search electronically the U.S. Copyright Offices' records database to ascertain the copyright owner. *Id.* But because information in the database is sometimes incomplete or incorrect, and because many songs have the same or similar titles, Spotify's search may turn up names of copyright owners for similarly titled songs that Spotify did not intend to distribute. *Id.* ¶ 11; *see also* ECF No. 43-13 (listing eight identical results for the search "take a wine," one of the song titles at issue, in Spotify's search feature).

In this matter, Sitney is the copyright owner for the composition of the following works: "Fund Raiser Party 'Give a Donation'" (including, under content titles, "Bad boy calling bad girl") and "She Taking Ah Taste 'She's Bad and Dangerous,'" (including, under content titles, "Take a Wine for Grenada"). ECF Nos. 45-2; 45-3. The similarity in song titles caused Spotify to identify erroneously, through the search process described above, Sitney as the owner for songs for which he is not. Accordingly, Sitney received Notices of Intent for "Celebration," by Michael Schumacher because Sitney holds the copyright for a composition titled "Grenada Day Celebration." ECF No. 43-14 ¶ 12. "Bad Girl," by Selecta Aff, was incorrectly matched to Sitney's composition titled "Bad Boy Calling Bad Girl" on his registration titled "Fund Raiser 'Party give a donation.'" *Id.* "Take a Wine" by Zeek was incorrectly matched to Sitney's composition titled "Take a Wine for Grenada" on his registration titled "She Taking Ah Taste 'She's Bad and Dangerous.'" *Id.* And, "Dangerous" by Taste was incorrectly matched to

3

Sitney's copyright registration titled "She Taking Ah Taste 'She's Bad and Dangerous.'" *Id.*

After receiving the Notices, however, Sitney filed this copyright infringement suit, alleging that Spotify used, streamed, and downloaded his work repeatedly, and without proper license or payment, in violation of the Copyright Act. ECF No. 1 ¶¶ 8, 9. 26, 33, 43–51. Spotify maintains that it sent Notices of Intent to comply with copyright law, and that merely sending a notice to an individual who is not in fact associated in any way with the song that Spotify sought to license does not give rise to an infringement action. The Court agrees with Spotify.

**II.     Standard of Review**

Summary judgment is appropriate when the court, viewing the evidence in the light most favorable to the non-moving party, finds no genuine disputed issue of material fact, entitling the movant to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). Importantly, "a court should not grant summary judgment 'unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances.'" *Campbell v. Hewitt, Coleman & Assocs., Inc.*, 21 F.3d 52, 55 (4th Cir. 1994) (quoting *Phoenix Sav. & Loan, Inc. v. Aetna Casualty & Sur. Co.*, 381 F.2d 245, 249 (4th Cir. 1967)). Where the party bearing the burden of proving a claim or defense "fails to make a showing sufficient to establish the existence of an

4

element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment against that party is likewise warranted. *Celotex*, 477 U.S. at 322. Although a pro se party is "given some latitude," he may not avoid summary judgment by "relying on bald assertions and speculative arguments." *Mansfield v. Kerry*, No. DKC 15-3693, 2016 WL 7383873, at *2 (D. Md. Dec. 21, 2016) (citing *Smith v. Vilsack*, 832 F. Supp. 2d 573, 580 (D. Md. 2011)).

Spotify moves for summary judgment in the absence of formal discovery. Sitney appears to vigorously object, although for reasons not altogether clear. *See* ECF No. 45. However, because Sitney proceeds pro se, the Court construes his pleadings liberally, and thus will read his submissions as if he is requesting formal discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Although Rule 56(d) requires the non-movant to set out the reasons for additional discovery by affidavit, the Court will relax the formal requirement and rather consider whether any additional discovery would be needed for Sitney to challenge adequately a summary judgment motion. *See* Fed. R. Civ. P. 56(d).[4]

Sitney has provided the Notices of Intent that Spotify mailed to him as well as the copyrights for which he is the owner. ECF Nos 1-1; 1-2; 1-3, 27-1; 27-2; 45-2; 45-3. The Court has also received from Spotify recordings of the songs for which it did seek compulsory licenses, and which are available through its streaming service. ECF No. 43-15. The Court has obtained the deposit copies of the recordings that Sitney has copyrighted. ECF Nos. 43-10; 43-11; 43-12. Finally, the Court has received an affidavit from Daniel Kanner of Spotify's Publishing

---

[4] "The Fourth Circuit places 'great weight' on the affidavit requirement." *Nautilus Ins. Co. v. REMAC Am., Inc.*, 956 F. Supp. 2d 674, 683 (D. Md. 2013) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). However, non-compliance may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary." *Harrods Ltd. V. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002).

5

Operations Department who, based on his personal knowledge, affirms that none of the songs for which Sitney holds a copyright have been distributed by Spotify or are in any way available through Spotify's service. ECF No. 43. ¶¶ 1–6, 14. The Court also takes judicial notice of matters publicly available, Fed. R. Evid. 201(b), and in that respect, the Court notes that Spotify, as an online, publicly-available service, affords Sitney an expeditious path to demonstrating that Spotify has distributed his songs. Finally, Sitney's liability theory rests on the argument that receiving a Notice of Intent is sufficient to demonstrate infringement; based on the available record, the Court cannot conceive of additional facts that could be gathered in discovery to aid in the decision-making process. *See Harrods,* 302 F.3d at 244. Thus, the Court will treat this motion as one for summary judgment.

### III. Copyright Infringement

The Copyright Act protects "original works of authorship." 17 U.S.C. § 102. To succeed on an infringement claim, a plaintiff must establish that (1) the plaintiff owned copyrighted material and (2) the infringer copied protected elements of that material. *Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 143 (4th Cir. 2000); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001). "A presumption of copying is created by showing that the infringing material is substantially similar to the protected material and that the infringer had access to the protected material." *Ale House Mgmt.*, 205 F.3d. at 143 (citing *Towler v. Sayles*, 76 F.3d 579, 581–82 (4th Cir.1996)). A plaintiff may demonstrate access by showing the "infringer had an opportunity to view or to copy the protected material. But this showing must establish more than a mere possibility that such an opportunity could have arisen; it must be reasonably possible that the paths of the infringer and the infringed work crossed." *Id*. (internal quotations omitted).

6

Viewing the record most favorably to Sitney, he cannot sustain an infringement claim. The Notices of Intent alone do not demonstrate that Spotify had access to Sitney's works or copied them. This is especially so when considering that each Notice listed another artist and song that were not Sitney's copyrighted compositions. Indeed, no evidence exists that Spotify distributed any of Sitney's works. ECF No. 43-14. Thus, even when viewing the evidence most charitably to Sitney, no reasonable finder of fact could conclude that Spotify infringed on Sitney's copyright merely because he received a Notice of Intent meant for other copyright owners and pursuant to the compulsory licensing process. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 249–50 (1986) ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (citations omitted); *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir.2013) (finding that to survive summary judgment, the nonmoving party "cannot solely rely on mere allegations" but "must set forth specific facts that go beyond the mere existence of a scintilla of evidence") (internal quotation marks omitted).

Rather the evidence, viewed most favorably to Sitney, reflects that the Notices of Intent were meant not for Sitney's songs, but for those songs similar in title. *Compare* ECF Nos 1-1; 1-2; 1-3, 27-2 (Notices of Intent for songs intended for use by Spotify) with ECF Nos. 43-3; 43-4; 43-5; 43-6 (copyright registrations for Sitney's songs procured by Spotify through a litigation request) *and* ECF Nos. 45-2; 45-3 (certificates of registration for Sitney's songs provided by Sitney). Additionally, the evidence reflects that Spotify only distributed the songs by the artists reflected in the Notices, and not the songs for which Sitney holds a copyright. Without any evidence that Spotify ever copied Sitney's songs in any way, the claim must necessarily fail.

7

Defendant Spotify's motion for summary judgment (ECF No. 43) is GRANTED.  A separate order follows.

    10/28/2019                                                                   /S/
Date                                                                             Paula Xinis
                                                                                 United States District Judge